**UNITED STATES DISTRICT COURT**
OFFICE OF THE PROBATION OFFICER
EASTERN DISTRICT OF TENNESSEE

TONY V. ANDERSON
CHIEF PROBATION OFFICER
800 MARKET STREET, SUITE 311
KNOXVILLE, TN 37902
COMM: (865) 545-4001
FAX: (865) 545-4003

U.S. PROBATION OFFICE
900 GEORGIA AVENUE, ROOM 442
CHATTANOOGA, TN 37402
COMM: (423) 752-5193
FAX: (423) 752-5274

U.S. PROBATION OFFICE
220 WEST DEPOT STREET, SUITE 338
GREENEVILLE, TN 37743
COMM: (423) 638-8121
FAX: (423) 638-7437

# M E M O R A N D U M

**TO:** The Honorable J. Ronnie Greer
United States District Court Judge

**FROM:** Pam Higgins
United States Probation Officer

**RE:** John Michael Haws
Docket Number: 2:14-CR-00049-001

**DATE:** November 10, 2014

---

John Michael Haws appeared before United States Magistrate Judge Dennis H. Inman for a detention hearing on April 22, 2014, having been indicted on one count of Conspiracy to Distribute and Possess Hydrocodone, a Schedule III controlled substance. Mr. Haws was released on pretrial bond monitoring on April 22, 2014.

Mr. Haws's conditions of release are as follows:

- Travel is restricted to the Eastern District of Tennessee, without prior approval of the probation officer.
- Maintain and actively seek employment.
- Report on a regular basis to the United States Probation Office as directed. The defendant shall cooperate fully with all pretrial service officers or their designees, and shall refrain from verbal or physical abuse or any pretrial service officer or other official in the performance of his/her duties.
- Refrain from possessing a firearm, destructive device, or other dangerous weapon.
- Refrain from any use of alcohol, and from any use or unlawful possession of a narcotic drug and other controlled substances defined in Title 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- Submit to any method of testing as directed by United States Pretrial Services to determine if defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

- Participate in a program of inpatient or outpatient substance abuse therapy and counseling, if deemed advisable by the supervising officer.
- Report any contact with any law enforcement personnel, including but not limited to, any arrest, questioning, or traffic stop, to the pretrial services officer as soon as possible.
- No contact with known convicted felons, co-defendants, drug dealers, drug users, or any person who violates the law.
- You shall not take any opiate-based medication or any other controlled substance, without gaining permission from your probation officer beforehand.

On April 29, 2014, the Court was contacted regarding Mr. Haws' bond conditions, and the Court modified his conditions to include: the defendant be required to undergo a regimen of mental health treatment, either inpatient or outpatient, as deemed appropriate by his probation officer. This condition was imposed due to Mr. Haws making statements to the probation office and law enforcement that he wanted to commit suicide. Mr. Haws was evaluated by mobile crisis on April 29, 2014, and released. Mr. Haws was given information by mobile crisis of whom to call in the future if the need arises.

On April 30, 2014, a non-compliance meeting was held with United States Probation Officer Paul Harris, Supervising United States Probation Officer Karrie Lasko, and the defendant, John Michael Haws, to discuss the behavior of the previous day. Mr. Haws was informed of the new bond condition for mental health treatment. An appointment was arranged for Mr. Haws to see Teresa Fletcher starting on May 2, 2014. The Probation Office notified the Magistrate Court of the occurrence and ask for no additional changes at that time.

On September 17, 2014, a non-compliance meeting was held with United States Probation Officer Higgins and the defendant, John Michael Haws. The issues of the defendant's drug screens not being consistent in showing he is taking his prescribed medications daily as they are prescribed were discussed. The defendant's drug screens are as follows: May 6, 2014 negative reading, June 16, 2014 positive reading for Oxycodone which the defendant claimed to be prescribed, July 23, 2014 negative reading, August 1, 2014 negative reading, September 8, 2014 positive reading for Oxycodone which the defendant claimed to be prescribed. The defendant assured the Probation Officer that he was taking all of his medications as prescribed, except in instances where he feels he may have pain from his daily activities in which he would take an extra pill one day and skip one another day to make the pill count even and last the entire month. The defendant assured the probation office he takes the medication every day, in fact he indicated he is prescribed five pills daily. The Probation Officer reviewed with the defendant that his mental health counselor, Teresa Fletcher, had strongly encouraged the defendant attend NA/AA groups; however, the defendant denied having a substance abuse problem and declined this type of intervention. The Probation Office and the defendant agreed he would obtain and submit medical necessity documentation from the defendant's primary care physician regarding any and all narcotic medications he is being prescribed and a referral for an Alcohol and Drug Assessment was being made. On this date, the defendant and the Probation Officer also reviewed the chain of command drug screening form so that the defendant would have no further claims how it is completed on his part. Additionally, the defendant was told to never sign a form that he has not read.

On October 24, 2014, a non-compliance meeting was held with the defendant Mr. Haws, Supervising United States Probation Officer Karrie Lasko, and United States Probation Officer Pamela Higgins. The defendant had a presumptive positive drug screen for Buprenorphine on October 23, 2014, at which time, the defendant signed on the chain of custody form that he admitted to this usage. The defendant denies any usage of Buprenorphine and indicated that the drug screen results were wrong. The defendant indicated that he had the pharmacy change the brand of his current medication and he had not consumed any Buprenorphine. The defendant stated the change in the brand name caused this positive reading for Buprenorphine. The defendant then indicated to the Probation Office the individual at the vendor's office, which conducted his urine screen, must have written down the results incorrectly as he denied any usage of Buprenorphine. The Probation Officer reminded the defendant just last month we had discussed how the chain of custody form is supposed to be completed and he was to read the form in its entirety before signing it. The defendant maintained a defensive and accusatory demeanor throughout the entire meeting on this date. The defendant was instructed to continue his treatment with both Teresa Fletcher and David Sims as a result of the presented noncompliant behavior. The defendant's Code-A-Phone intensity was also increased. The defendant was informed the District Court would be informed of the outcome of this noncompliance meeting. The defendant's attorney and the Assistant United States Attorney were informed of the presenting noncompliant behavior and voiced no objection to the proposed plan.

On November 3, 2014, the defendant appeared at the vendor's office for a random drug screen as instructed due to that day being his color on the Code-A-Phone. The defendant's screen had a positive reading for Oxycodone only; which, he claimed to have a current prescription for but it was not provided to the vendor on the date of the drug screen. On that date, the defendant also refused to completely sign the chain-of-custody form while at the vendor's office. The defendant and his attorney were contacted and reported to the Probation Office on November 4, 2014, to discuss this behavior with Officer Higgins and Officer Harris. The defendant's attorney, D. R. Smith, took responsibility for the defendant not completing the form due to his prior instructions to the defendant. The chain-of-custody form was again reviewed with the defendant. The defendant was instructed, from this point on, it is his responsibility to provide the current copy of any and all narcotic medications and to completing read and sign the chain of custody form.

At this time, the Probation Office is respectfully informing the Court of the defendant's presenting behaviors regarding his pretrial release. The Probation Office respectfully recommends no action be taken to revoke the defendant's pretrial release. Should any additional noncompliance occur, the Court will be notified immediately.

Respectfully submitted,

*Pam Higgins*
Pamela Higgins
United States Probation Officer

APPROVED BY:

*Karrie L. Lasko*                    11/18/2014
Karrie L. Lasko                       Date
Supervising United States Probation Officer

PEH:rdb

_____

 X  Probation Officer's Plan Approved
___ Submit a Request for Modifying the Condition or Term of Bond
___ Submit a Request for Warrant
___ Other


_____
**The Honorable J. Ronnie Greer**
**United States District Court Judge**